UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE

| | |
|---|---|
| JAMES J. JOY, )<br>)<br>Petitioner, )<br>)<br>v. )<br>)<br>UNITED STATES OF AMERICA, )<br>)<br>Respondent. ) | Nos.: 3:21-CR-019-TAV-DCP-2<br>3:24-CV-173-TAV-DCP |

## MEMORANDUM OPINION

This is a pro se prisoner's motion to vacate, set aside, or correct a sentence under 28 U.S.C. § 2255 [Case No. 3:24-cv-173 ("Civil Case"), Doc. 1; Case No. 3:21-cr-19 ("Crim. Case"), Doc. 203].[1]  The government responded, asserting that the motion is time-barred, among other things [Doc. 5].  Petitioner has replied [Doc. 7].  For the following reasons, the § 2255 motion [Doc. 1; Crim. Case, Doc. 203] will be **DENIED** as time-barred, and this action will be **DISMISSED**.

## I. BACKGROUND

On December 15, 2021, petitioner pled guilty to conspiracy to distribute 100 grams or more of heroin, 40 grams or more of fentanyl, and a quantity of carfentanil, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (Count 1), conspiracy to distribute 28 grams or more of cocaine base and a quantity of cocaine, in violation of 21 U.S.C. §§ 846, 841(a)(1), 841(b)(1)(B), and 841(b)(1)(C) (Count 2), and possession of a

---

[1] Unless otherwise specified, all citations herein are to the civil case docket, Case No. 3:24-cv-173.

firearm in furtherance of a drug trafficking crime, in violation of 18 U.S.C. § 924(c)(1)(A) (Count 3) [Crim. Case, Docs. 86, 91]. The Court sentenced petitioner to 120 months imprisonment, consisting of 60 months as to Counts 1 and 2, to run concurrently, and 60 months as to Count 3, to run consecutively, followed by 4 years of supervised release [Crim. Case, Doc. 141]. Petitioner did not appeal. Instead, on April 15, 2024, petitioner filed the instant § 2255 motion [Crim. Case, Doc. 203].

## II. DISCUSSION

Section 2255(f) provides that the one-year statute of limitations, which runs from the latest of: (1) "the date on which the judgment of conviction becomes final;" (2) "the date on which the impediment to making a motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from making a motion by such governmental action;" (3) "the date on which the right asserted was initially recognized by the Supreme Court, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review;" or (4) "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise of due diligence." 28 U.S.C. § 2255(f).

A conviction becomes "final [for purposes of § 2255(f)(1)] at the conclusion of direct review." *Brown v. United States*, 20 F. App'x 373, 374 (6th Cir. 2001) (quoting *Johnson v. United States*, 246 F.3d 655, 657 (6th Cir. 2001)). Where no appeal is taken, a conviction becomes final after the time for filing for such expires, which is 14 days after entry of the Court's judgment. *See* Fed. R. App. P. 4(b)(1)(A) (explaining the defendant

2

Case 3:24-cv-00173-TAV-DCP    Document 10    Filed 06/30/25    Page 2 of 5    PageID #: 38

must file her notice of appeal in the district court within 14 days after "the entry of either the judgment or order being appealed").

Petitioner did not appeal the Court's judgment, and therefore his conviction became final 14 days after the Court's entry of judgment. *Sanchez-Castellano v. United States*, 358 F.3d 424, 428 (6th Cir. 2004) (explaining that an unappealed judgment of conviction becomes final when the 14-day period for filing a direct appeal has elapsed). Judgment was entered on July 6, 2022 [Crim. Case, Doc. 141]. Petitioner's judgment became final 14 days later, on July 20, 2022. Accordingly, the § 2255 limitation period in this case ended on July 20, 2023. Petitioner filed his § 2255 motion well past this deadline, on April 15, 2024 [Doc. 1]. Petitioner's § 2255 motion is therefore time-barred under 28 U.S.C. §2255(f)(1).

However, petitioner appears to contend that the one-year limitations period did not begin to run until "he learned about it" [Doc. 7, p. 2]. To the extent that petitioner alleges that the limitations period did not begin to run until he learned of that limitations period, he provides no support for such a claim, and, indeed, such is not a correct statement of the law in this Circuit. *See Brown v. United States*, 20 F. App'x 373, 375 (6th Cir. 2001) ("Ignorance of the limitations period does not toll the limitations period.").

To the extent that petitioner argues that the one-year limitations period did not begin to run until he learned of the grounds for his claims, petitioner appears to invoke 28 U.S.C. § 2255(f)(4), which begins the limitations period from "the date on which the facts supporting the claim or claims presented could have been discovered through the exercise

3

of due diligence." Nonetheless, petitioner's statement that the limitations period would not begin to run until "he learned about it" [Doc. 7, p. 2], overlooks the due diligence requirement of § 2255(f)(4). Petitioner bears the burden of showing that he exercised due diligence for purposes of § 2255(f)(4). *See Johnson v. United States*, 457 F. App'x 462, 468 (6th Cir. 2012). Petitioner has not made a showing of due diligence here. All of his claims relate to his purported lack of knowledge or understanding of the elements of § 924(c) at the time of his guilty plea. With the exercise of due diligence, that information has been available to him from the time of his guilty plea. Thus, petitioner has not established that his § 2255 motion is timely under § 2255(f)(4).

Section 2255(f)'s statute of limitations is not jurisdictional and may be tolled under limited, extraordinary circumstances. *Dunlap v. United States*, 250 F.3d 101, 1007 (6th Cir. 2001). A petitioner bears the burden of establishing that equitable tolling applies to his case, and the doctrine is used sparingly. *See Jurado v. Burt*, 337 F.3d 638, 642 (6th Cir. 2003); *Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004). In order to demonstrate that he is entitled to equitable tolling, a petitioner must show "(1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way and prevented timely filing." *Holland v. Florida*, 130 S. Ct. 2549, 2562 (2010); *Hail v. Warden*, 662 F.3d 745, 750 (6th Cir. 2011); *see also Jurado*, 337 F.3d at 643 (holding that "[a]bsent compelling equitable considerations, a court should not extend limitations by even a single day."). But petitioner makes no arguments to demonstrate that equitable

4

tolling applies to his case. Because he § 2255 motion is untimely and he has not established that equitable tolling applies, his motion will be dismissed.

## III. CONCLUSION

The Court finds that Petitioner is not entitled to relief pursuant to 28 U.S.C. § 2255, and his motion to vacate, set aside or correct sentence [Case No. 3:24-cv-173, Doc. 1; Case No. 3:21-cr-19, Doc. 203] will be **DENIED** and this action will be **DISMISSED**. The Court will **CERTIFY** that any appeal from this action would not be taken in good faith and would be totally frivolous. Therefore, this Court will **DENY** petitioner leave to proceed *in forma pauperis* on appeal. *See* Fed. R. App. P. 24. As the Court has dismissed this action on procedural grounds without reaching the merits of the underlying claims, and jurists of reason would not find it debatable that the Court is correct in finding that the § 2255 petition is untimely, *Slack v. McDaniel*, 529 U.S. 473, 484 (2000), a certificate of appealability **SHALL NOT ISSUE.** 28 U.S.C. § 2253; Fed. R. App. P. 22(b). An appropriate order will follow.

IT IS SO ORDERED.

s/ Thomas A. Varlan
UNITED STATES DISTRICT JUDGE